No. 793

LERCH v. SANDUSKY (City)

Ohio Appeals. 6th District Erie Co.

No. 228. Decided April 22, 1926.

403. DISORDERLY CONDUCT—Where city ordinances specifically enumerates acts which constitute disorderly conduct, affidavit charging violation of thereof must state act committed.

WILLIAMS, J.

Frank Lerch was arrested in Sandusky on affidavit charging him with disorderly conduct in violation of a city ordinance. After being found guilty and sentenced in Municipal Court, he filed motion to arrest judgment, raising the question of the sufficiency of the affidavit.

This motion being refused, he prosecuted error to the Erie Common Pleas, which affirmed the judgment of the Sandusky Municipal Court.

Error was then prosecuted to the Court of Appeals which held:

1. Said ordinance of Sandusky specifically defines disorderly conduct.

2. Said ordinance being penal in nature requires strict construction.

3. The conduct charged in the affidavit did not come within the purview of offenses outlined in said ordinance.

4. The affidadit was therefore insufficient to warrant conviction thereunder.

Judgments of lower courts reversed.

Attorneys—H. L. Peeke, for Lerch; E. H. Savord, City Solicitor, for Sandusky; both of Sandusky.

---

No. 795

HOPPING v. LeGEAR MEDICINE CO.

Ohio Appeals, 1st Dist., Warren Co.

No. 118. Decided May 24, 1926

191. BURDEN OF PROOF—Where payment on order for goods is refused on ground that order was changed; burden of proof is on defendant to show by clear and convincing proof that the charge was made without his consent.

BUCHWALTER, P. J.

The Dr. L. D. LeGear Medicine Co. of Missouri sued J. B. Hopping for an amount claimed to be due as a result of an order for certain goods. Hopping admitted he had ordered certain articles shipped; but that the agent who took the order changed it and included goods in addition to those ordered.

Hopping claimed that the Company had not complied with 178 et seq. GC. which requires a certificate of license to do business within the state. The Court found that the Company was entitled to $28 and Hopping to $3.75 for expressage. Error was prosecuted and the Court of Appeals held:

1. Hopping retained the goods for 18 months before reshipping them.

2. The burden of proof to show that the order was changed without his consent was upon Hopping; and the proof was required to be clear and convincing.

3. The courts finding in this respect was not against the weight of the evidence.

4. The Company, soliciting business by travelling salesmen in this state, is not, under 188 GC.. required to comply with 178 GC.

Judgment affirmed.

Attorneys—Charles L. Hopping, Cincinnati, for Hopping; Stevenson & Stevenson, Columbus, for Company.